UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-23201

JORGE GOMEZ and CARLOS
RODRIGO VALDEBENITO,

    Plaintiff,

vs.

HARMONIE, LLC, a Florida Limited Liability Company,
and TAMARA FERNANDEZ, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiffs, Jorge Gomez and Carlos Rodrigo Valdebenito, sues Defendants, Harmonie, LLC, and Tamara Fernandez, based on the following good cause:

## INTRODUCTION

1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and other related common law claims.

2. Plaintiffs seek damages within this Court's jurisdiction, reasonable attorney's fees and costs, and all other remedies allowable by law.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff, Jorge Gomez, was formerly employed by Defendants and performed work for Defendants in Miami-Dade County.

4. Plaintiff, Carlos Rodrigo Valdebenito, was formerly employed by Defendants and performed work for Defendants in Miami-Dade County.

5. Defendant, Harmonie, LLC, is a Florida for-profit corporation with its principal place of business in Miami-Dade County.

6. Defendant, Tamara Fernandez, was and is the owner / officer/ director of the Corporate Defendant for the relevant time period. She ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiffs, and was partially, ultimately, and/or totally responsible for paying Plaintiffs' wages.

7. Defendants were Plaintiffs' direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has jurisdiction over Plaintiff's FLSA claims and pendent/supplemental jurisdiction over related Florida law claims.

9. Venue is proper pursuant to 28 U.S.C. §1391 (b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiffs' worked in Miami-Dade County, where payment was to be received.

## **GENERAL ALLEGATIONS**

10. Defendants have been at all times materially engaged in interstate commerce in the course of the goods and services they render for which, traditionally, cannot be performed without using materials, supplies, and equipment that have all moved through interstate commerce.

11. Defendants also communicate with their workers by regularly and routinely using telephone, internet, and/or facsimiles.

12. Defendants maintain a website in which they advertise their business.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00.

14. In particular, Defendants own and operate a restaurant by the name of Mara Basque Cuisine and Lounge in Coral Gables, Florida.

15. Plaintiffs worked in a non-exempt capacity for Defendants.

16. In particular, Plaintiffs worked for Defendants as restaurant staff and assisted in preparing the restaurant for launch and then daily operations.

17. From approximately November 9, 2017 to December 4, 2017, Defendants required that Carlos Rodrigo Valdebenito and Jorge Gomez work on site as well as off-site performing other task for the business.

18. From approximately April 28, 2018, to May 14, 2018, Defendants required that Jorge Gomez work on site as well as off-site performing other task for the business.

19. From approximately April 16, 2019, to May 7, 2019, Defendants required that Jorge Gomez work on site as well as off-site performing other task for the business.

20. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each day, such records are in the exclusive custody of Defendants.

21. From approximately November 9, 2017 to December 4, 2017, Defendants agreed to pay Plaintiffs, Jorge Gomez and Carlos Rodrigo Valdebenito, a weekly rate of $1,250.00 per week, and when converted into an hourly rate it's $31.25 per hour for each hour worked. Said wages were never paid by Defendants.

22. From November 9, 2017, to December 4, 2017, Defendants failed to pay Plaintiffs, Jorge Gomez and Carlos Rodrigo Valdebenito, for 30 hours of overtime wages for hours worked at an overtime rate of $46.87 per hour.

23. Then on April 28, 2018, to May 14, 2018, Defendants agreed to pay Jorge Gomez a weekly rate of $1,250.00 per week, and when converted into an hourly rate it's $31.25 per hour for each hour worked. Said wages were never paid.

24. From April 28, 2018, to May 14, 2018, Defendants failed to pay Jorge Gomez for 20 hours of overtime wages for hours worked at an overtime rate of $46.87 per hour.

25. Then on April 16, 2019, to May 7, 2019, Defendants agreed to pay Jorge Gomez a weekly rate of $850.00 per week, and when converted into an hourly rate it's $21.25 per hour for each hour worked. Said wages were never paid.

26. From April 16, 2019, to May 7, 2019, Defendants failed to pay Jorge Gomez for 20 hours of overtime wages for hours worked at an overtime rate of $31.87 per hour.

27. Any and all conditions precedent to filing this lawsuit occurred or was satisfied by Plaintiffs.

28. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – UNPAID WAGES UNDER THE FAIR LABOR STANDARDS ACT AS TO DEFENDANTS**

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-28 as though set forth fully herein and further alleges as follows:

29. Defendants willfully and intentionally refused to pay Plaintiffs, Jorge Gomez and Carlos Rodrigo Valdebenito, at least a minimum wage of $7.25/hour for each of the hours and overtime hours worked from approximately November 9, 2017 to December 4, 2017.

30. Defendants willfully and intentionally refused to pay Jorge Gomez at least a minimum wage of $7.25/hour for each of the hours and overtime hours worked from approximately April 28, 2018, to May 14, 2018.

4

31. Defendants willfully and intentionally refused to pay Jorge Gomez at least a minimum wage of $7.25/hour for each of the hours and overtime hours worked from approximately April 16, 2019, to May 7, 2019.

WHEREFORE Plaintiff, Jorge Gomez and Carlos Rodrigo Valdebenito, demands the entry of a judgment in his favor and against the Defendants, Harmonie, LLC, and Tamara Fernandez, after trial by jury and as follows:

a) That Plaintiffs recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216 (b);

b) That Plaintiffs recover pre-judgment interest if he is not awarded liquidated damages;

c) That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d) That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e) That Plaintiff recover all interest allowed by law; and

f) Such other and further relief as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT
**(Against Harmonie, LLC)**

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-28 as though set forth fully herein and further alleges as follows:

32. Plaintiffs and Defendant, Harmonie, LLC,., agreed that in exchange for Plaintiffs expending time and effort on its behalf, it would compensate the at the rates set forth above.

33. Plaintiffs performed under the parties' oral contract/agreement by performing work for Defendant, Harmonie, LLC, as aforesaid.

5

34. Defendant, Harmonie, LLC, failed and refused to perform its obligation(s) to pay Plaintiffs the agreed-upon rates for the hours worked as stated above, thereby breaching the contract.

35. Plaintiff has been damaged as a result of Defendant's, Harmonie, LLC, failure to pay them the agreed upon wages.

WHEREFORE Plaintiffs, Jorge Gomez and Carlos Rodrigo Valdebenito, demands the entry of a judgment in his favor and against Defendant, Harmonie, LLC, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deem just and proper.

### COUNT III – UNJUST ENRICHMENT
**(Against Harmonie, LLC.)**

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-28 as though set forth fully herein and further alleges as follows:

36. Plaintiffs provided labor and services for Defendant, Harmonie, LLC, and it received and accepted the benefits of the labor and services supplied by Plaintiffs.

37. Plaintiff expected to be paid a reasonable value for the labor and services he provided to and on behalf of Defendant, Harmonie, LLC.

38. Defendant, Harmonie, LLC., was unjustly enriched in that it accepted the benefits of the work performed by Plaintiffs, but yet failed and refused to make payment to Plaintiffs for such benefits.

WHEREFORE Plaintiff, Jorge Gomez and Carlos Rodrigo Valdebenito, demands the entry of judgment in his favor and against Defendant, Harmonies, LLC, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 1st day of August, 2018.

>Respectfully submitted,
>
>/s/ Leonardo E. Concepcion
>Leonardo E. Concepcion, Esq.
>Concepcion Law
>6405 NW 36 Street,
>Suite 210A
>Virginia Gardens, Florida, 33146
>Telephone: (305) 791-6529
>Email: LC@Lconcepcionlaw.com

### **CERTIFICATE OF SERVICE**

I certify that on August 1, 2019, my office electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that this document is being served on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF.

>/s/ Leonardo E. Concepcion
>FL Bar No.: 0106317